UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

| | |
|---|---|
| OLIVERIO OLIVOS ORTEGA, | Civil Action No. 1:22-cv-05222 |
| Plaintiff, | |
| -against- | **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| EL EMPERADOR ELIAS RETAURANT AND ELIAS CESPEDES, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

-----------------------------------------------------------------------------X

Defendants 274 Broadway Corp. s/h/a El Emperador Elias Restaurant ("El Emperador") and Elias Cespedes ("Cespedes") (collectively, "Defendants"), by their attorneys, Katz Melinger PLLC, hereby answer the allegations set forth in the complaint filed by plaintiff Oliverio Olivos Ortega ("Ortega" or "Plaintiff") on September 1, 2022 (the "Complaint") upon information and belief as follows:

### Introduction

1. Defendants admit only that Plaintiff purports to seek the relief described in Paragraph 1 of the Complaint, but Defendants deny that Plaintiff is entitled to any such relief. Defendants deny any remaining allegations set forth in Paragraph 1 of the Complaint.

### Parties

2. Defendants admit that Plaintiff worked at El Emperador, but Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff is a resident of Bronx, New York. Defendants deny any remaining allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit that El Emperador is located in Brooklyn, New York. Defendants deny any remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit only that Cespedes is a resident of New York and that he is an

1

owner of El Emperador. Defendants deny any remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit only that El Emperador has more than three employees. Defendants aver that the remaining allegations of Paragraph 5 of the Complaint assert legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

**Jurisdiction and Venue**

6. Paragraph 6 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

**Facts Common to all Claims**

8. Paragraph 8 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages In Violation of the FLSA)**

10. Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully restated herein.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff's basis of pay included an hourly rate of pay.

15. Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages In Violation of the NYLL)**

21. Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully restated herein.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Failure to Issue Accurate Age Notices In Violation of the NYLL)**

26. Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully restated herein.

27. Paragraph 27 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in

Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Furnish Accurate Wage Statements/Paystubs)**

31. Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully restated herein.

32. Paragraph 32 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

**AS TO PRAYER FOR RELIEF**

In response to the unnumbered paragraph of the Complaint, Defendants admit that Plaintiff seeks the relief identified in this unnumbered paragraph of the Complaint, but Defendants deny that Plaintiff is entitled to any type of remedy, relief, or damages of any kind in this case, including the relief expressly requested by Plaintiff in this unnumbered paragraph of the Complaint. To the extent that any further response is required, Defendants deny any remaining allegations contained within this unnumbered paragraph of the Complaint.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Without admitting any allegations asserted in the Complaint, and expressly denying any and all wrongdoing, Defendants assert the following affirmative and other defenses. Nothing stated in any

of the following defenses constitutes a concession that Defendants bear the burden of proof on any issue for which they would not otherwise bear such burden.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief can be granted because, among other reasons, Plaintiff was paid for all time worked in compliance with applicable laws.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the applicable limitations period, such claims are barred under the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the Fair Labor Standards Act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands and laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks compensation for any period of time that is preliminary or postliminary to Plaintiff's principal activities, such claim is barred by the Portal-to-Portal Act, 29 U.S.C. § 254.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that arise under the New York State Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which pre- or post-judgment interest may be granted.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

At all relevant times, the actions of Defendants were justified under the circumstances and, at all relevant times, Defendants acted in a manner that was proper, reasonable, legal, and in good faith.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

At no time did any Defendant act in a willful, wanton, reckless and/or malicious manner or with reckless disregard of either the FLSA or the NYLL.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damages as a result of any alleged acts or omissions by Defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendants are not liable for any damages.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or should be reduced, in whole or part, by exemptions, exclusions, exceptions, credits, recoupment and/or offsets permissible pursuant to the FLSA and NYLL.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, by the *de minimis* doctrine.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or part, by, among other things, the FLSA and the NYLL.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants are not and were not employers under the FLSA and the NYLL.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

All claims are barred in whole or in part to the extent that Plaintiff was exempt from receiving overtime wages pursuant to the FLSA and NYLL.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff was not employed for the requisite amount of time to entitle him to notices under NYLL § 195(1).

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims under NYLL § 195(1) are barred, in whole or in part, because Defendants reasonably believed in good faith that they were not required to provide Plaintiff with notices pursuant to NYLL § 195(1).

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims under NYLL § 195(1) are barred, in whole or in part, because Defendants made complete and timely payment of all wages due to Plaintiff.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under NYLL § 195(3) are barred, in whole or in part, because Defendants reasonably believed in good faith that they were not required to provide Plaintiff with wage statements pursuant to NYLL § 195(3).

### AS AND FOR A TWENTY- THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under NYLL § 195(3) are barred, in whole or in part, because Defendants made complete and timely payment of all wages due to Plaintiff.

### AS AND FOR A TWENTY- FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not an employee under the FLSA and the NYLL.

### AS AND FOR A TWENTY- FIFTH AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff as those claims become known to Defendants during the course of the litigation.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

**WHEREFORE**, Defendants request that the Court:

a. dismiss with prejudice Plaintiff's Complaint;

b. deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c. award to Defendants reimbursement for its costs, including attorneys' fees; and,

    d.  grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 9, 2022

                                    KATZ MELINGER PLLC

                                    /s/ *Katherine Morales*
                                    By: Katherine Morales, Esq.
                                    370 Lexington Avenue, Suite 1512
                                    New York, New York 10017
                                    t: (212) 460-0047
                                    f: (212) 428-6811
                                    kymorales@katzmelinger.com
                                    *Attorneys for Defendants*