# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

January 5, 2026

*Via* ECF
Hon. Ramon E. Reyes, Jr. U.S.M.J.
United States District Court
Eastern District of New York
225 Cadmen Plaza East
Brooklyn, NY 11201

Re: **Plaintiff's Renewed Motion for Pre-Motion Conference for Sanctions**
**1:22-cv-05222-DG-TAM** *Olivos Ortega v. El Emperador Elias Restaurant et al*

Your Honor,

    Plaintiff respectfully write to respectfully request that the pre-motion conference for Plaintiff's anticipated Motion for Sanctions against Defendants.

    As Your Honor is aware, during Plaintiff's deposition of ELIAS CESPDES, who appeared in his individual capacity and as a 30(b)6 witness on June 3, 2025, Aaron Schweitzer for Plaintiff and Paul Kerson for Defendants appeared before Honorable Judge Taryn A. Merkl in a deposition dispute that concerned Defendant and Defendant counsel's improper use of the Fifth Amendment objection on a vast majority of the questions that concern the fifth amendment, which concern for instance the address, nature of business, shareholders, board of directors, officers of 274 BROADWAY CORP., the operating hours of the restaurant, the shifts at the restaurant, the method of payment to the employees, the number of employees, whether an employee on the list is in fact a current or former 274 BROADWAY CORP employee, and to each and every deposition exhibits that have been previously identified in the written discovery responses as pay and time records that are clearly relevant to the prosecution of the given case. Specifically, Mr. ELIAS CESPEDES has improperly asserted his Fifth Amendment Right for questions that bear no bearing on any ongoing and potential criminal investigation against him. He has failed to answer those questions he can without risking self crimination. *Sec. & Exch. Comm'n v. Pence,* 323 F.R.D. 179, 187 (S.D.N.Y. 2017) (quoting *Moll v. U.S. Life Title Ins. Co. of N.Y.,* 113 F.R.D. 625, 628-29 (S.D.N.Y. 1987)). That is because the right not to answer potentially incriminating questions in a civil or criminal proceeding "is not absolute." *See Andover Data Services v. Statistical Tabulating Corporatio*n, 876 F.2d 1080, 1082 (2d Cir. 1989). Rather, the privilege may only be invoked in a situation where there is "a real danger that the testimony might be used against the witness in later criminal proceedings." *Id.*

    The deposition of ELIAS CESPEDES comprises of Plaintiff's sole opportunity to question Mr. CESPDES about the claims in the action. Therefore, when Defendants choose to assert the Fifth Amendment privilege in response to a question, Plaintiff will record that fact for

the benefit of an inference which can be drawn from it. Thus, Plaintiff respectfully requests that an adverse inference be drawn by the Court in Plaintiff's anticipated Motion for Rule 23 Class Certification based on Defendant ELIAS CESPEDES's refusal to testify on the basis of a Fifth Amendment Objection.

Accordingly, Plaintiff intends to move to sanction Defendants by (1) striking their answer and rendering a default, (2) an adverse inference against Defendants as it relates to Plaintiff's anticipated Rule 23 Class Action, (3) monetary sanctions against Defendants for the time and costs associated to bringing said motion. Pursuant to common law, "[a]lthough a jury in a criminal case is not permitted to draw adverse inferences based on a defendant's invocation of his Fifth Amendment rights, '[t]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" Doc. 29, at 1-2 (quoting 3 Weinstein's Federal Evidence § 513.04[2] and citing *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976) and *Brink's Inc. v. City of New York,* 717 F.2d 700, 708 (2d Cir. 1983)).

On July 17, 2025, the Court denied Plaintiff's prior Motion for a Pre-Motion Conference "without prejudice to renewal following the parties' August 28, 2025 mediation." The mediation has now taken place and concluded without resolving the issues that were the subject of Plaintiff's original request. Accordingly, the condition set by the Court for renewal has been satisfied, and Plaintiff now properly renews the motion.

> Respectfully Submitted,
> TROY LAW, PLLC
> /*s/John Troy*
> John Troy, Esq.

Cc: all counsel of record *via* ECF
*JT/cpt*